of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**BEI ZHENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

**No. 07–2477–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 8, 2008.

Liu Yu, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Carol Federighi, Senior Litigation Counsel; Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bei Zheng, a native and citizen of the People's Republic of China, seeks review of a May 24, 2007 order of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") George T. Chew denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bei Zheng,* No. A 96 401 077 (B.I.A. May 24, 2007), *aff'g* No. A 96 401 077 (Immig. Ct. N.Y. City, Dec. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court

reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g.*, *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's adverse credibility determination. First, the record supports the IJ's finding that it would have been "inconceivable" for a family to have obtained a household register while in hiding and to have entries made in it. Indeed, Zheng indicated that her mother had been in hiding from the Public Security Bureau since an individual who had distributed Falun Gong flyers with her family was arrested in December 2001. Zheng testified that her mother did not have a "fixed residence" and that her father had escaped to Korea. Despite Zheng's testimony that her family members were in hiding, her documentary evidence indicates that the Public Security Bureau issues household registers, and that a household registration officer updated their register in March 2003 to include information about Zheng's sister. Because the IJ's implausibility finding in this respect was "tethered" to the evidentiary record, it supported his adverse credibility finding. *See Wensheng*

*Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (according deference to an IJ's inferential leap so long as it is "tethered to record evidence").

Further, the IJ properly found Zheng's testimony inconsistent with her household register with respect to her sister's whereabouts. Zheng testified that after her parents sent her and her sister to live with their uncle in December 2001, her sister "could not stand it," and left after one month. Zheng testified that she had not since heard from her sister and did not know where she was. In contrast, the household register Zheng submitted indicates that her sister had been residing at the Teacher's College in Licheng District, Quanzhou City, but had "moved into" Lianjiang County where her parents resided in March 2003. When confronted with this discrepancy, Zheng testified that after her sister "disappeared," her family "did not have any news from her," and she had "no idea" regarding her sister's residence at the college or her return to Lianjiang County. Zheng added that when she last mentioned her sister when speaking to her mother over the phone, her mother "began to sigh." The IJ appropriately rejected those explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, although the inconsistency relied upon by the IJ was arguably ancillary to Zheng's asylum claim, it nonetheless supported the adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative

effect may nevertheless be deemed consequential by the fact-finder"); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.").

Overall, the IJ's adverse credibility finding was supported by substantial evidence. Accordingly, the denial of asylum was not in error. Because the only evidence of a threat to Zheng's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Further, because Zheng failed to challenge in her brief to this Court the agency's denial of her application for relief under the CAT, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

To the extent that Zheng argues that she has established a "pattern or practice" of persecution of people similarly situated to her, we decline to review that issue as she failed to exhaust it by raising it in her brief to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).